UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br>     v.<br><br>SHERMAN WALKER et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01169-LK<br><br>ORDER DENYING JOINT STIPULATED MOTION FOR ENTRY OF JUDGMENT AND DISCHARGE IN INTERPLEADER |

      This matter comes before the Court on the parties' Joint Stipulated Motion for Entry of Judgment and Discharge in Interpleader. Dkt. No. 35. Although the parties are free to enter into agreements among themselves—settlement and otherwise—they may not seek orders overstepping this Court's authority in interpleader actions. By way of example, the parties ask that the Court permanently enjoin Defendants from suing not only Minnesota Life, but also "its predecessors, successors, affiliates, parent corporations, employees, officers and agents," in federal or state court "with respect to the terms of the Policy, the Death Benefit payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist

ORDER DENYING JOINT STIPULATED MOTION FOR ENTRY OF JUDGMENT AND DISCHARGE IN INTERPLEADER - 1

now or may arise at any time in the future." *Id.* at 4. Although the Court is empowered to discharge a plaintiff from further liability in any civil interpleader action, 28 U.S.C. § 2361, "[a]n injunction . . . may extend only to claims to the interpleaded funds, which are the only things within the Court's interpleader jurisdiction," *see, e.g.*, *Securian Life Ins. Co. v. Gillis*, No. 4:23-CV-03585-KAW, 2024 WL 1199016, at *5 (N.D. Cal. Mar. 20, 2024) (citing cases and noting that "the Court cannot properly enjoin all claims that relate to the Policy.").

For the reasons explained above, the Court DENIES the parties' Joint Stipulated Motion for Entry of Judgment and Discharge in Interpleader. Dkt. No. 35. To the extent the parties seek to renew their motion in the future, they are encouraged to seek only that relief needed to dismiss Minnesota Life from this case within the bounds of this Court's authority.

Dated this 5th day of February, 2025.

Lauren King
United States District Judge