THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MINNESOTA LIFE INSURANCE COMPANY,

    Plaintiff,

         v.

SHERMAN WALKER; RUTH WALKER, individually; RUTH WALKER, as Personal Representative of the Estate of Kimberly Joanne Walker; MAURICE LAMONT HARRISON; and SERENITY FUNERAL HOME & CREMATION, LLC

    Defendants.

Case No. 2:24-cv-01169-LK

[PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND DISCHARGE IN INTERPLEADER

[Local Court Rules7(d)]

Upon review and approval of the Stipulated Motion for Entry of Judgment of Discharge in Interpleader, it appearing that this Court has jurisdiction of the parties and the subject matter set forth in Plaintiff Minnesota Life Insurance Company's Complaint in Interpleader filed in this action, and for good cause appearing therefor,

1.    Minnesota Life is the insurer of group life insurance benefits to King County under group policy number 034457 as part of an employee benefit plan to King County employees ("Policy"). As of May 20, 2019, as part of her employment at King County, Kimberly Joanne Walker (the "Decedent") became an insured under Policy with a basic life insurance benefit plus

McDOWELL HETHERINGTON LLP
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Tel: 510.628.2145      Fax: 510.628.2146

1    life insurance at 3-times her salary for a total death benefit of $537,000.00 ("Death Benefit").

2    This coverage went into effect on June 1, 2019.

3          2.      On April 19, 2024, Decedent passed away.

4          3.      According to the Policy terms, Minnesota Life "will pay the death benefit to the

5    beneficiary or beneficiaries. A beneficiary is named by you to receive the death benefit to be paid

6    at your death… If there is more than one beneficiary, each will receive an equal share… If there

7    is no eligible beneficiary, or if you do not name one, we will pay the death benefit to: (1) your

8    lawful spouse (this does not include a domestic partner), if living, otherwise; (2) your natural or

9    legally adopted child (children) in equal shares, if living, otherwise; (3) the personal

10   representative of your estate."

11         4.      The Policy states, "A request to add or change your beneficiary must be made in

12   writing. All requests are subject to our approval. A change will take effect as of the date it is

13   signed, but will not affect any payment we make or action we take before receiving your notice."

14         5.      Defendant Serenity has made a claim to the Death Benefit in the amount of

15   $25,333.96 plus accruing interest arising from funeral expenses for Decedent.

16         6.      Defendants Mr. Walker and Mrs. Walker have made a claim to the Death Benefit.

17         7.      Defendant Harrison has made a claim the Death Benefit.

18         8.      Minnesota Life has determined that the Death Benefit is due and payable. To date,

19   Minnesota Life has not paid any portion of the Death Benefit. Minnesota Life presently does not

20   know who is contractually and/or legally entitled to receive the Death Benefit.

21         9.      Minnesota Life is unable to safely pay the Death Benefit without being exposed to

22   double or multiple liability to Defendants. Consequently, on August 1, 2024, Minnesota Life

23   commenced the instant action by filing the Complaint for Interpleader Relief pursuant to Rule 22

24   of Federal Rules of Civil Procedure and 28 U.S.C. §1332 against Mrs. Walker, Mr. Walker, Mr.

25   Harrison and Serenity Funeral Home & Cremation, LLC.

26         10.     Upon leave of the Court, Minnesota Life will deposit $506,280.67 into the Court's

27   registry, which represents the Death Benefit with accrued interest less Minnesota Life's

28   reasonable attorneys' fees and costs in the amount of $32,726.30 into the Court's registry.

[PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND
DISCHARGE IN INTERPLEADER

McDOWELL HETHERINGTON LLP
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Tel: 510.628.2145     Fax: 510.628.2146

11.     The Parties agree to discharge Minnesota Life of all liability and be dismissed with prejudice from this suit, and award Minnesota Life its reasonable attorneys' fees and costs in the amount of $32,726.30 for bringing this action. *See. Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir.1984) (citation omitted) ("Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action"); *see also, Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court"); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) ("In an interpleader action, it is within the court's discretion to award costs to the stakeholder."); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) ("[T]he proper rule ... in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading.")

12.     Except for this Stipulation and Order awarding fees and costs to Minnesota Life in the amount of $32,726.30, all parties are to bear their own fees and costs with respect to the order and judgment for discharge in interpleader and dismissal with prejudice as to Minnesota Life.

13.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 and Federal Rule of Civil Procedure Rule 22 because Minnesota Life is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000. Minnesota Life is a citizen of the State of Minnesota, Mr. Harrison is a citizen of the State of North Carolina, and all other defendants are citizens of the State of Washington. The amount in controversy in this action exceeds $75,000 because the subject Death Benefits with accrued interest totals $539,006.07.

14.     Minnesota Life is a disinterested stakeholder and is indifferent to which defendant or defendants is/are entitled to the Death Benefit under the Policy.

15.     Minnesota Life has properly filed the Complaint in Interpleader and stated a proper cause for interpleader.

16.     Having brought this action and deposited with the Court $506,280.67 which represents the Death Benefit, plus accrued interest, and minus Minnesota Life's fees and costs, in the amount of $32,726.30, Minnesota Life is discharged and acquitted of any liability based upon

[PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND
DISCHARGE IN INTERPLEADER

Page **3** of 4

McDOWELL HETHERINGTON LLP
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Tel: 510.628.2145     Fax: 510.628.2146

1    its handling of the Death Benefit under the Policy

2        17.     Defendants are permanently enjoined from suing Minnesota Life, in state or federal

3    court, to the extent that such suit makes any claim against Minnesota Life relating to the Death

4    Benefit, or that otherwise "affect[s] the property ... involved in [this] interpleader action." *See* 28

5    U.S.C. § 2361.

6        18.     Minnesota Life is dismissed with prejudice from this action.

7        19.     This action shall proceed between the Defendants.

8        20.     The Clerk is directed to deposit funds into the Registry of the Court in the principal

9    amount of $506,280.67.

10   **IT IS SO ORDERED.**

11

12   Dated: February 12, 2025

13                                    Hon. Lauren King
                                      UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND
DISCHARGE IN INTERPLEADER

**McDOWELL HETHERINGTON LLP**
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Tel: 510.628.2145        Fax: 510.628.2146