UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>       v.<br><br>SHERMAN WALKER et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-01169-LK<br><br>ORDER DENYING JOINT STIPULATED MOTION FOR ENTRY OF JUDGMENT, DISCHARGE OF SERENITY FUNERAL HOME, AND DISBURSEMENT OF FUNDS |

   This matter comes before the Court on the parties' Joint Stipulated Motion for Entry of Judgment, Discharge of Defendant Serenity Funeral Home & Cremation, LLC, and Disbursement of Funds. Dkt. No. 41.

   As the Court has previously noted, "the parties are free to enter into agreements among themselves—settlement and otherwise," but the Court has limited jurisdiction to approve them. Dkt. No. 36 at 1. The parties' stipulated motion and proposed order discharging Serenity Funeral Home seeks an order from this Court "permanently enjoin[ing]" "[o]ther parties" from "suing Serenity, in state or federal court, to the extent that such suit makes any claim against Serenity

ORDER DENYING JOINT STIPULATED MOTION FOR ENTRY OF JUDGMENT, DISCHARGE OF SERENITY FUNERAL HOME, AND DISBURSEMENT OF FUNDS - 1

relating to the Minnesota Life group policy number 034457[.]" Dkt. No. 41-1 at 1–2. The breadth of this desired relief, which extends well beyond the issues presented in this case, converts what could be a stipulated dismissal into a consent judgment that requires the Court to retain jurisdiction over this settlement agreement.

A consent judgment, unlike a stipulated dismissal, is a final judgment on the merits. Because a consent judgment requires the Court to expend time and resources to supervise a private settlement agreement, in choosing whether such a judgment should issue, district courts must ensure that the "proposed consent judgment . . . is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). Furthermore, to obtain a permanent injunction, a movant must show that (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The parties have not addressed any of this. Nor have they explained why a stipulated motion to dismiss Serenity and order to disburse funds would be insufficient.[1] Their mere desire to have the Court enforce their settlement agreement is insufficient; "a federal court is more than a recorder of contracts from whom parties can purchase injunctions." *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (cleaned up)); *see also Metro. Life Ins. Co. v. Hanni*, No. 1:17-CV-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017)

---

[1] The purpose of the Section 2361 injunction in the order discharging interpleader plaintiff Minnesota Life was to ensure that it, as a disinterested stakeholder, is protected from vexatious and multiple litigation involving the interpleaded funds and to ensure the effectiveness of the interpleader remedy. Dkt. No. 39 at 4; *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1351 (S.D. Fla. 2010); *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013). That rationale does not apply here.

ORDER DENYING JOINT STIPULATED MOTION FOR ENTRY OF JUDGMENT, DISCHARGE OF SERENITY FUNERAL HOME, AND DISBURSEMENT OF FUNDS - 2

(a consent judgment "cannot just be stipulated by the parties"; instead, it may granted by the court only "if it is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources"); *see also id.* at *1–2 (rejecting parties' consent judgment because they did not provide "reasons why a consent judgment is more appropriate in this case than would be a stipulated dismissal"). The ordinary remedy for either party to a settlement agreement, if the other party breaches, is a contract action. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

For these reasons, the Court DENIES the parties' Joint Stipulated Motion for Entry of Judgment, Discharge of Defendant Serenity Funeral Home & Cremation, LLC, and Disbursement of Funds. Dkt. No. 41.

Dated this 5th day of March, 2025.

Lauren King
United States District Judge